UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 29 2016

Roberto Hidalgo,

                Plaintiff,

–v–

Ichiro Sushi, Inc., et al.,

                Defendants.

15-cv-414 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Roberto Hidalgo brings this suit against New Ichiro Sushi, Inc., Hui Chen, and Hui Ying Guo (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Hidalgo alleges, *inter alia*, that Defendants failed to pay him the required minimum wage and did not pay proper overtime compensation. Defendants have moved to dismiss Hidalgo's amended complaint. They argue that Hidalgo failed to adequately serve the summons and complaint on Chen and Guo, and that he cannot state a claim against New Ichiro Sushi, Inc. for causes of action that accrued prior to September 17, 2014. For the reasons that follow, the motion to dismiss is GRANTED in part and DENIED in part.

I.   BACKGROUND[1]

    Hidalgo was employed as a food preparation helper and a dishwasher/cleaner at a restaurant known as "Ichiro Sushi" from May 2010 through about October 2, 2014. Amended Compl. ¶ 9. He claims that he consistently worked more than 40 hours per week at Ichiro Sushi, usually six days per week for twelve hours each day. *Id.* ¶ 18. Hidalgo alleges that he was paid

---

[1] Unless otherwise noted, the following facts are taken from Hidalgo's amended complaint. *See* Dkt. No. 34.

1

in cash and that his salary was $450 per week in 2010 through 2012, $500 per week in 2013, and $550 per week in 2014. *Id.* ¶ 19, 21.

Hidalgo alleges that New Ichiro Sushi, Inc. is a New York corporation that does business as "Ichiro Sushi." *Id.* at 1, ¶ 6. He describes both Hui Chen and Hui Ying Guo as owners, officers, directors, and/or managing agents of Ichiro Sushi. *Id.* ¶¶ 7-8, 26-27. Hidalgo claims that Chen and Guo were considered the "bosses." *Id.* ¶ 28. They allegedly were present at the restaurant every day, actively participated in the restaurant's operation, and supervised and directed the work of the employees. *Id.* Hidalgo further alleges that Chen and Guo had to approve all important business decisions, including whether to offer employees a raise. *Id.* ¶ 29.

Hidalgo filed his initial complaint in this action on January 20, 2015. Dkt. No. 1. The complaint listed Ichiro Sushi, Inc. (as distinct from *New* Ichiro Sushi, Inc.) and Hui Chen as defendants. *Id.* at 1. When those defendants failed to answer, Hidalgo obtained a certificate of default from the Clerk of Court. Dkt. No. 6. Before the Court entered a judgment of default, however, counsel for Defendants, David Yan, filed a notice of appearance. Dkt. No. 14; *see also* Dkt. No. 18. Hidalgo filed an amended complaint on May 14, 2015, in which he replaced Ichiro Sushi, Inc. with New Ichiro Sushi, Inc. and added Hui Ying Guo as a defendant. Amended Compl. at 1. According to the affidavits of service filed on the docket in this case, Hidalgo served the amended complaint on New Ichiro Sushi, Inc. through the New York Secretary of State, Dkt. No. 39, and served the amended complaint on Hui Ying Guo by leaving a copy with "Jane" Guo, who identified herself as a relative, at 217 Madison Street, #13, New York, NY 10002, Dkt. No. 40. Mr. Yan subsequently filed a notice of appearance on behalf of New Ichiro Sushi, Inc. and Hui Ying Guo. Dkt. No. 41.

At several points during the litigation, Defendants have challenged the adequacy of service of process and have attempted to have claims against certain defendants dismissed. *See, e.g.*, Dkt. Nos. 19, 42. Judge Sullivan, who was initially assigned this case, denied Defendants' motion to dismiss claims against New Ichiro Sushi, Inc., but instructed Hidalgo to submit additional information concerning the adequacy of service on one defendant, Hui Ying Guo.

2

Dkt. No. 44. Shortly thereafter, this case was transferred to this Court because it is related to *Li v. Ichiro Sushi, Inc.*, No. 14-CV-10242, another FLSA action against defendants associated with Ichiro Sushi. This Court referred the case to Magistrate Judge Francis, who set a briefing schedule for any motions to dismiss. Dkt. No. 50. On August 31, 2015, Defendants field the instant motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. No. 51.

## II.   LEGAL STANDARD

To resolve a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a court must look to matters outside the complaint." *Rana v. Islam*, 305 F.R.D. 53, 62 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). Once a defendant has filed such a motion, "the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). Generally, "[a] process server's affidavit of service constitutes prima facie evidence of proper service." *Rana*, 305 F.R.D. at 63. But "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption" and often "necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "[N]o hearing is required," however, "where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* at 58 (internal quotation marks and citation omitted). Similarly, "[c]onclusory statements" on the part of the plaintiff "are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all facts alleged in the complaint" and should "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). The Court should not, however, "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III.   DISCUSSION

Defendants advance two arguments for dismissing the amended complaint. First, they challenge the adequacy of service on Hui Ying Guo and Hui Chen. And second, they argue that any claims against New Ichiro Sushi, Inc. for labor law violations before September 17, 2014, should be dismissed.[2] The Court grants the motion to dismiss with respect to Hui Chen, but otherwise denies the motion.

### A. Service of Process

Defendants claim that Hidalgo has not attempted to serve the amended complaint on Hui Chen. Defs. Br. 3. Hidalgo does not dispute this fact. Opp. Br. 2. As Hidalgo acknowledges, Chen claims that he sold Ichiro Sushi in September 2014 to Juhang Wang (who is not a party to this action), and that he has not returned to the business since. *Id.* Rule 4(m) of the Federal Rules of Civil Procedure required Hidalgo to serve the amended complaint on Chen within 120 days.[3] In light of the fact that Hidalgo acknowledges he has not done so, Defendants' motion to dismiss the claims against Chen is granted. That dismissal is without prejudice, however, in the

---

[2] Defendants also contend that the Court should dismiss claims against "d/b/a Ichiro or Ichiro Sushi Restaurant." Defs. Br. 7. But Hidalgo has not named either entity as a defendant in his amended complaint. *See* Dkt. No. 34.

[3] A 2015 amendment to the Federal Rules of Civil Procedure reduced the presumptive time for serving a defendant under Rule 4(m) from 120 days to 90 days. The 120-day period applies to this action.

4

event that Hidalgo determines a proper address at which to effect service on Chen. Hidalgo requests that the Court deny the motion to dismiss, and instead order Chen "to provide [his] correct personal and business address." Opp. Br. 4. But Hidalgo cites no authority for the proposition that the Court can exercise jurisdiction over a defendant who, by Hidalgo's admission, has not been served with the operative pleading in this case.

Defendants also move to dismiss the claims against Hui Ying Guo on the grounds that she was not adequately served with process. Defendants previously raised this claim in a letter to Judge Sullivan on June 24, 2015. Dkt. No. 42. Judge Sullivan, noting that it is the plaintiff's burden to establish service, ordered Hidalgo to file an affidavit setting forth the nature of the investigation that led Hidalgo to conclude that 217 Madison Street, #13, New York, NY 10002 was a proper address at which to serve Guo. Dkt. No. 44 at 3. He also ordered New Ichiro Sushi, Inc., to provide Guo's last-known address. *Id.* In response, counsel for Defendants submitted the affidavit of Juhang Wang, the alleged sole shareholder and president of New Ichiro Sushi, Inc., averring that the company does not have "any record of 'the last known address for Hui Ying Guo.'" Dkt. No. 45-1 ¶¶ 2, 12. Shortly thereafter, Hidalgo's counsel, Peter Cooper, submitted an affidavit describing his efforts to discover Guo's address. Dkt. No. 46. Mr. Cooper averred that, in May 2015, he retained an investigator to find out information about Ichiro Sushi and its principals. *Id.* ¶ 3. The investigator reported that the 217 Madison Street address was Guo's residence, citing the fact that it was the home address on file for a bank account owned by Hui Ying Guo at Citibank. *Id.* ¶ 4. Mr. Cooper attached the email from the investigator in which the investigator conveyed this information. *Id.* Ex. A.

Defendants contest the information put forward by Hidalgo. They have submitted an affidavit from Guo in which he alleges that he has not been properly served with the amended complaint, that he has not worked with New Ichiro Sushi, Inc. since the end of 2014, that he has not lived in Manhattan for ten years, and that he does not have a bank account at Citibank listed under the 217 Madison Street address. Dkt. No. 52, Ex. C ¶¶ 2, 4, 6, 8. Guo has thus sworn to "specific facts" that "rebut[] the presumption" of proper service. *Old Republic*, 301 F.3d at 57.

5

Hidalgo, however, does not challenge any of these alleged facts and therefore cannot "overcome [the] defendant's sworn affidavit that he was not served." *Darden*, 191 F. Supp. 2d at 387. Accordingly, the Court holds that service on Guo was improper.

The Court declines, however, to dismiss Hidalgo's claims against Guo. When service of process is insufficient, "the Court has discretion to dismiss the action, but dismissal is not mandatory." *Darden*, 191 F. Supp. 2d at 387; *see also Primary Succession Capital, LLC v. Schaeffler, KG*, No. 09-CV-735 (LAP), 2010 WL 4236948, at *1 (S.D.N.Y. Oct. 26, 2010). In light of the apparent confusion over which corporate entities and individuals were, and are still, associated with Ichiro Sushi, the Court exercises its discretion to deny Defendants' 12(b)(5) motion to dismiss with respect to Guo. Instead, Hidalgo is ordered to serve Guo, and to file proof of service on the docket, within 30 days of the issuance of this Memorandum and Order.

### B. Claims Against New Ichiro Sushi, Inc. Prior to September 17, 2014

Defendants contend that "New Ichiro Sushi, Inc. cannot be responsible for any possible violation of FLSA and NYLL prior to September 17, 2014." Defs. Br. 6. This argument relies on the claim, mentioned above, that Hui Chen sold Ichiro Sushi to New Ichiro Sushi, Inc. on September 17, 2014. *See* Dkt. No. 52, Ex. B ¶ 7 ("I sold the sushi restaurant business of Ichiro Sushi, Inc. to New Ichiro Sushi, Inc. on September 17, 2014.").

As Hidalgo notes, however, Judge Sullivan already considered and rejected this basis for dismissal in his July 10, 2015 Order. Dkt. No. 44 at 1-2. As he explained, whether New Ichiro Sushi, Inc., is "a proper party in this action is a question of fact that is not resolved on the face of the Complaint." *Id.* at 2; *see also Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 423 (S.D.N.Y. 2013) ("[I]n ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein."). Defendants have not identified any allegations in the amended complaint that would allow the Court to hold that Hidalgo has failed to state a claim against New Ichiro Sushi, Inc. for labor law violations prior to September 17, 2014. And although courts will occasionally consider documents outside the "four corners" of the complaint in resolving a

6

12(b)(6) motion to dismiss, those documents must be "attached to the complaint, incorporated by reference or integral to the complaint," or they must be documents "the plaintiff relied on." *Id.* at 423-24 (emphasis omitted). None of these exceptions apply here. The Court therefore denies Defendants' motion to dismiss Hidalgo's claims against New Ichiro Sushi, Inc. prior to September 17, 2014.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for inadequate service of process is GRANTED with respect to Hui Chen and DENIED with respect to Hui Ying Guo. Defendants' motion to dismiss claims accruing before September 17, 2014 against New Ichiro Sushi, Inc., is DENIED. Hidalgo is ordered to effect service on Guo, and to file proof of service on the docket, within 30 days of the issuance of this Memorandum and Order. Once served, Guo shall have 21 days to file an answer or otherwise respond to Hidalgo's amended complaint. New Ichiro Sushi, Inc. is ordered to file an answer no later than 14 days from the issuance of this Memorandum and Order. Finally, an initial pretrial conference is hereby scheduled for May 6, 2016, at 2:00 p.m. That conference will include the parties in this case and the parties in *Li v. Ichiro Sushi, Inc.*, No. 14-CV-10242.

This resolves Docket No. 51.

SO ORDERED.

Dated: March 29, 2016
New York, New York

ALISON J. NATHAN
United States District Judge