**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X   CIVIL ACTION NO.:
ROBERTO HIDALGO, on behalf of himself and others      **1:15-cv-00414-AJN-JCF**
similarly situated,

                      Plaintiff,

      - against -

NEW ICHIRO SUSHI, INC., doing business as
ICHIRO SUSHI, HUI CHEN, and HUI YING GUO

                  Defendants.
------------------------------X


**DEFENDANT NEW ICHIRO SUSHI, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE ISSUE OF SUCCESSOR LIABILITY
AND IN SUPPORT OF DEFENDANT NEW ICHIRO SUSHI, INC'S CROSS
MOTION FOR SUMMARY JUDGMENT TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT................................................................................................................................4

I.     LEGAL STANDARD OF SUMMARY JUDGMENT .......................................................4

II.    PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF PROOF TO IMPOSE SUCCESSOR LIABILITY ON DEFENDANT NEW ICHIRO SUSHI, INC....................5

        A.     The Traditional New York Common Law Test for Successor Liability .................6

        B.     Fundamental Fairness Does not Support Substantial Continuity Test.....................7

        C.     Substantial Continuity Test Will not Find Liability on the Defendant New Ichiro Sushi, Inc. ........................................................................................7

III.   THE COURT SHALL DISMISS THE PLAINTIFF'S COMPLAINT AGAINST NEW ICHIRO SUSHI, INC. IN ITS ENTIRETY AS NEW ICHIRO SUSHI, INC. IS NOT LIABLE TO THE PLAINTIFF'S CLAIM. ..........................................................16

CONCLUSION............................................................................................................................17

**PRELIMINARY STATEMENT**

Roberto Hidalgo sued New Ichiro Sushi, Inc., where he never worked for, for violating his rights under the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 201-219 (2000), and the New York State Labor Law ("NYLL") §§ 190-99, 650-665, for failing to pay him the minimum wage and overtime. Ironically, Roberto Hidalgo decides voluntarily not to sue Ichiro Sushi, Inc., which Roberto Hidalgo alleged it violated his rights under the FLSA and NYLL when he worked there.

Roberto Hidalgo failed to prosecute his claim diligently. Although Roberto Hidalgo claimed that he worked years for Ichiro Sushi, Inc., he did not commence the lawsuit within a reasonable time against the sole owner Hui Chen and the cashier Hui Ying Guo until almost four (4) months after Hui Chen sold Ichiro Sushi, Inc. on September 17, 2014. Court finally dismissed the Roberto Hidalgo's complaint against Hui Chen and Hui Ying Guo for improper service of process.

Roberto Hidalgo never made any complaints against Ichiro Sushi, Inc., Hui Chen and Hui Ying Guo prior to his commencement of lawsuit against *New* Ichiro Sushi, Inc., Hui Chen and Hui Ying Guo in the instant matter. Actually, Roberto Hidalgo received special favors from Hui Chen and Ichiro Sushi, Inc. where Hui Chen would issue in his detriment the employment letters to Roberto Hidalgo to help Roberto Hidalgo to obtain the social welfare benefits subsidized by the United States government and the State of New York. The said employment letters requested by Roberto Hidalgo purposely certified that Roberto Hidalgo earned lower income by working on the part time basis with weekly income of around $250 or $300.00 per week, while Roberto Hidalgo alleged in his complaint against Hui Chen and Hui Ying Guo that he worked full time and overtime with weekly wages of $500 or $550.

1

Roberto Hidalgo did not continue to work at New Ichiro Sushi, Inc. where it would implement strict rule and regulations in compliance with labor laws and income tax reporting requirements.  Now, Roberto Hidalgo requests the Court to ignore his sloppy litigation failed to sue the right person and entity that allegedly violated his rights under the labor laws; but to honor his requests to find New Ichiro Sushi, Inc., an innocent party, to bear the successor liability to be responsible for the violation, *if any,* never committed by it.  Roberto Hidalgo's motion for summary judgment shall fail for misplacing law and facts and on the public policy concerns.

## STATEMENT OF FACTS

Ichiro Sushi, Inc. operated a restaurant located at 1694 Second Avenue, New York, New York prior to and on September 17, 2014.  At that time, Plaintiff Roberto Hidalgo, plaintiffs in a related case, and Juhang Wang worked at Ichiro Sushi, Inc. as ordinary employees to make livings.  Plaintiff Roberto Hidalgo worked in the kitchen as a part time kitchen chef and was paid at $450.00 to $550.00 per week.  (Ex. H, Hidalgo Decl. at ¶ 4 and attached letters; Defendant's Rule 56.1 Statement of Undisputed Material Facts, at ¶¶ 49-50.)  Plaintiffs in a related case worked as delivery persons and were paid base salary plus tips.  *See Ji Li, et al. v. Ichiro Restaurant Inc., et al.,* 1:14-cv-10242-AJN-JCF.  Juhang Wang worked as a sushi chef from January 10, 2013 until September 17, 2014.  (J. Wang Decl. at ¶¶ 8-9.)  Juhang Wang stated that he was paid sufficiently.  (J. Wang Decl. at ¶ 13.; Defendant's Rule 56.1 Statement, at ¶ 42.)

Plaintiff Roberto Hidalgo spent his money earned in name branded clothes and shoes, such as Nike and ardidas.  (J. Wang Decl. at ¶ 2.)  Juhang Wang, the sole owner of the purchaser New Ichiro Sushi, Inc., bought assets and lease from Ichiro Sushi, Inc. on September 17, 2014.  (Ex. B, contract of sale; Ex. C, Bill of Sale.; J. Wang Decl. at ¶ 22.)  Juhang Wang was nice to Plaintiff Roberto Hidalgo as co-workers at Ichiro Sushi, Inc.  (J. Wang Decl. at ¶ 34.)

Juhang Wang worked all his way to save money since he came to the country as a kid under 18 years old in or about May, 2001. (J. Wang Decl. at ¶¶ 3-13.) When he just came to the country 17 years ago, he was poor. (*Id.* at ¶ 3.) Juhang Wang has become a naturalized citizen of the United States since June, 2011. (*Id.*) Even when he made some money, Juhang Wang did not spend it unless the expenditures were necessary. (*Id.* at ¶ 2.) Juhang Wang never took vacations. (*Id.*) Juhang Wang only wore cheapest clothes and shows and the uniforms that restaurants provided to him. (*Id.*) Juhang Wang saved any penny that he could. (*Id.*)

Since he came to the country in 2001, Juhang Wang worked extremely hard from the bottom of the economic ladder to start with doing miscellaneous jobs, such as cutting vegetables, pealing beans, mopping floors, washing dishes and taking out garbage. (*Id.* at ¶ 4.) Juhang Wang had a dream to become a sushi chef so that he was determined to learn how to prepare sushi food in his job although no sushi chef would be willing to teach him. (*Id.* at ¶ 5.) In May, 2004, Juhang Wang took an opportunity to become a sushi assistant to help sushi chefs to prepare dishes. (*Id.*) He learned on the job to become a sushi chef. (*Id.*) When he worked from one Japanese cuisine restaurant to the other Japanese cuisine restaurants, Juhang Wang learned from many sushi chef masters their unique styles and cuisines. (*Id.*) Juhang Wang gradually developed his own specials in preparing sushi fusion food in Japanese cuisine. (*Id.*)

After he married with his wife and had two kids, Juhang Wang worked even more crazily hard to make living and save money for his family. (*Id.* at ¶ 7.) On January 10, 2013, Juhang Wang started to work for Ichiro Sushi, Inc. located at 1694 Second Avenue, New York, New York, (*id.* at ¶ 8), which is a place where Juhang Wang briefly realized his American dream to become an owner of the Japanese cuisine restaurant; but facing immediate peril to lose all his moneys earned and saved years by him and his wife. On September 17, 2014, New Ichiro Sushi,

Inc., a company solely owned by Juhang Wang, used Juhang Wang and his wife's savings for years in their life, purchased assets and lease from Ichiro Sushi, Inc.  (*Id.* at ¶¶ 22-23, 33.) Plaintiff Roberto Hidalgo now wants Juhang Wang's solely owned New Ichiro Sushi, Inc. to give him the money that New Ichiro Sushi, Inc. never owes to him in a common sense.  (*Id.* at ¶ 33.)

Plaintiff Roberto Hidalgo now asserts "successor liability" and "substantial continuity" against Juhang Wang's solely owned New Ichiro Sushi, Inc. for the money that Plaintiff Roberto Hidalgo is not deserved from New Ichiro Sushi, Inc., a company where Roberto Hidalgo has never worked for. (Dkt. 34.)  The money that Plaintiff Roberto Hidalgo will potential to reach is his prior co-worker and his wife's savings from their life. (J. Wang Decl. at ¶¶ 2-9, 22-23, 25-26, 33-34.)

## ARGUMENT

### I.   LEGAL STANDARD OF SUMMARY JUDGMENT

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is considered material if "it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson*, 477 U.S. at 248).  The Second Circuit has explained, however, that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to

4

the material facts" and "may not rely on conclusory allegations or unsubstantiated speculation." *DeFabio v. East Hampton Union Free School Dist.,* 623 F.3d 71, 81 (2d Cir. 2010). Rather, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Duch v. Jakubek,* 588 F.3d 757, 764 n.2 (2d Cir. 2009); *see also* Fed. R. Civ. P. 56(e). The trial court's task at the summary judgment motion stage of the litigation is limited to discerning whether there are any genuine issues of material fact to be tried, and does not extend to deciding any such issues. *Gallo v. Prudential Residential Services, Ltd. P'ship,* 22 F.3d 1219, 1224 (2d Cir. 1994).

As per the Rule 56.1(a) Statement of Material Facts, there is genuine issue to be tried with respect to the material facts in support of the Plaintiff's motion for partial summary judgment on the issue of successor liability imposed upon defendant New Ichiro Sushi, Inc. Hence, this Court shall deny the Plaintiff's partial summary judgment on the issue of successor ability in favor of the non-moving party.

On the other hand, there is not any genuine issue to be tried with respect to the material facts in support of the defendant New Ichiro Sushi, Inc.'s cross motion to dismiss the Complaint. Hence, this Court shall grant the defendant New Ichiro Sushi, Inc.'s summary judgment in favor of the cross-moving party.

**II.   PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF PROOF TO IMPOSE SUCCESSOR LIABILITY ON DEFENDANT NEW ICHIRO SUSHI, INC.**

The Plaintiff bears the burden of proof of imposing successor liability on the defendant New Ichiro Sushi, Inc. *See Call Ctr. Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.,* 635 F.3d 48, 52 (2d Cir. 2011) ("Because the 'general rule' is that a purchaser of assets does not assume the predecessor's liability, it follows that the proponent of successor liability must offer proof that one of the [] exceptions to the general rule applies."); *Bautista v. Beyond*

5

*Thai Kitchen, Inc.,* No. 14 Civ. 4335, 2015 U.S. Dist. LEXIS 124454, 2015 WL 5459737, at *12-13 (S.D.N.Y. Sept. 17, 2015). Other than heavily copying and pasting block by block from the case laws, Plaintiff has miscomprehended legal precedents, misplaced facts, and mischaracterized the testimony of Juhang Wang, the sole shareholder of the defendant New Ichiro Sushi, Inc.

The Second Circuit has yet to address whether the substantial continuity test applies in the FLSA context. *See Bautista, supra,* at *7; *Battino v. Cornelia Fifth Ave., LLC,* 861 F. Supp. 2d 392, 402 (S.D.N.Y. 2012); *Marte, et al. v. Westbury Mini Mart, Inc., et al.*, No. 16 Civ. 0053 (SJF) (ARL), 2017 U.S. Dist. LEXIS 7721, at *24 (E.D.N.Y. Jan. 18, 2017). Although the defendant New Ichiro Sushi, Inc. will eventually prevail on both tests under the traditional New York common law test for successor liability and "substantial continuity," a broader test that does not require continuity of ownership, the defendant New Ichiro Sushi, Inc. submits to this Court to apply the traditional New York common law test based on the fundamental fairness principal.

### A.     The Traditional New York Common Law Test for Successor Liability

The traditional New York common law test for successor liability generally requires continuity of ownership. *See New York v. Nat'l Serv. Indus., Inc.,* 460 F.3d 201, 209 (2d Cir. 2006) ("Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities."); *Battino, supra,* 861 F. Supp. 2d at 401 (holding that no exceptions to traditional successor liability tests apply where "there is no dispute that ownership of the business changed hands").

In this case, it is undisputed that ownership to the restaurant changed from Ichiro Sushi, Inc. to New Ichiro Sushi, Inc. on September 17, 2014. (Plaintiff's Rule 56.1 Statement of

6

Undisputed Material Facts, at ¶¶ 1-2, and 5; Ex. B, Contract of Sale; Ex. C, Bill of Sale.) Accordingly, there is no legal continuity of ownership. Therefore, New Ichiro Sushi, Inc. should not be imposed successor liability of their predecessor, Ichiro Sushi, Inc.

### B.      Fundamental Fairness Does not Support Substantial Continuity Test

It is the question of the public policy whether the fundamental fairness will allow Plaintiff Roberto Hidalgo to reach so far to the chest of an unwitting and innocent purchaser of the assets and lease from the predecessor restaurant where Plaintiff Roberto Hidalgo alleged that his rights under labor laws were only violated there, where Juhang Wang, a Plaintiff Roberto Hidalgo's prior co-worker, formed a corporation and used his and his wife's savings from their life to purchase the assets and lease from the predecessor restaurant, and where there is existence of imminent peril to have Juhang Wang and his wife to lose their savings from their life should the fundamental fairness principal not be respected and be violated.

Likewise, if Roberto Hidalgo is in the shoes of Juhang Wang today and forms his solely owned company to purchase the assets and lease from the predecessor restaurant and is sued by his co-workers in the predecessor restaurant, it will not be surprised that Roberto Hidalgo will argue it is not fair for him to be responsible for the violations committed by his predecessor restaurant.

Therefore, fundamental fairness does not support substantial continuity test in a co-workers circumstances where the co-worker used his life savings to purchase the predecessor restaurant in order to realize his American dream.

### C.      Substantial Continuity Test Will not Find Liability on the Defendant New Ichiro Sushi, Inc.

"Substantial Continuity" test is very broader that does not require continuity of ownership. *Battino, supra,* 861 F. Supp. 2d at 401. Under the substantial continuity test, courts "focus[ ] on

7

whether the new company has 'acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations.'" *Bautista*, 2015 U.S. Dist. LEXIS 124454, at *7, 2015 WL 5459737, at *5 (quoting *Fall River Dyeing & Finishing Corp. v. NLRB,* 482 U.S. 27, 43, 107 S. Ct. 2225, 96 L. Ed. 2d 22 (1987)); *Marte, supra,* 2017 U.S. Dist. LEXIS 7721, at *27-28.  Under this test, courts generally analyze nine factors:

> (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

*Bautista*, 2015 U.S. Dist. LEXIS 124454, at *7, 2015 WL 5459737, at *5 (citing *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 750 (7th Cir. 1985)).  Although no one factor is determinative, courts have recognized that the first two factors, *viz.* notice of the claim prior to acquisition and the ability of the predecessor to provide relief, is "critical."  *Lewis v. Blackman Plumbing Supply L.L.C.,* 51 F. Supp. 3d 289, 314 (S.D.N.Y. 2014) (quoting *Musikiwamba*, 760 F.2d at 750); *Marte, supra,* 2017 U.S. Dist. LEXIS 7721, at *28.

Plaintiff relies heavily upon *Bautista v. Beyond Thai Kitchen, Inc.,* No. 14 Civ. 4335, 2015 U.S. Dist. LEXIS 124454, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015).  The factual circumstances of *Bautista, supra,* 2015 U.S. Dist. LEXIS 124454, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015), however, is distinguishable from the instant case.

1. Plaintiff has failed to carry out his burden of proof to satisfy the first factor, <u>"notice of the charge" requirement</u>.

Plaintiff contends that, "The first factor under the substantial continuity test – whether the successor had knowledge of the labor claims prior to assuming operations – is satisfied because Mr. Wang had actual (or, at a minimum, can be charged with constructive) knowledge of the manner in which the predecessor entity paid its employees." *See Plaintiff's Memorandum of Law,* page 11. The Plaintiff's statement contradicts plain facts and is not supported by any of his documents submitted to support his motion.

First of all, the Plaintiff has not alleged at all in his Rule 56.1 Statement of Undisputed Material Facts (Dkt. 92) that he or his co-workers have ever filed any formal or informal complaints prior to the transfer of ownership from Ichiro Sushi, Inc. to New Ichiro Sushi, Inc. on September 17, 2014. It is undisputed that the Plaintiff or any of his co-workers ever filed any formal or informal complaints before New Ichiro Sushi, Inc. purchased assets from Ichiro Sushi, Inc. on September 17, 2014. (Defendant New Ichiro Sushi, Inc.'s Rule 56.1 Statement of Undisputed Material Facts, at ¶ 38). To satisfy the notice element, the Plaintiff must allege that the defendant New Ichiro Sushi, Inc. had notice of a potential claim. *See Lewis v. Blackman Plumbing Supply L.L.C.,* 51 F. Supp. 3d 289, 316 (S.D.N.Y. 2014); *Marte, supra,* 2017 U.S. Dist. LEXIS 7721, at *28-29. The instant suit was filed on January 20, 2015 and the related suit was filed on December 31, 2014. *See Ji Li, et al. v. Ichiro Restaurant Inc., et al.,* 1:14-cv-10242-AJN-JCF. New Ichiro Sushi, Inc. and Juhang Wang had no knowledge at all about the Plaintiff Roberto Hidalgo's claim for wage-and-hour disputes or lawsuits prior to and on September 17, 2014. (J. Wang Decl. at ¶ 32.) Therefore, the defendant New Ichiro Sushi, Inc. did not have actual notice of potential claim prior to their purchase of the ownership from Ichiro Sushi, Inc.

9

Plaintiff further contends that the defendant New Ichiro Sushi, Inc. has constructive notice so that satisfying the notice requirement. Plaintiff alleges that, Juhang Wang "actually worked for the restaurant, and he knows how he, and other employees, including his brother, who also worked at the restaurant before and after the sale, were paid." The allegations of the Plaintiff are not supported by the Plaintiff's Rule 56.1 Statement of Undisputed Material Facts (Dkt. 92) and are actually speculation. Juhang Wang did not know how other employees, specifically the Plaintiff, were paid. (Ex. A, Wang Depo. 89:15-90:23; Defendant Rule 56.1 Statement, at ¶ 44). Juhang Wang knew that he was paid sufficiently and did not find out his former employer Ichiro Sushi, Inc. had ever violate his rights under the FLSA and the NYLL. (J. Wang Decl. at ¶¶ 12-13; Defendant Rule 56.1 Statement, at ¶¶ 40-41.) Yuyi Wang, the Juhang Wang's brother, was paid sufficiently and did not find out his former employer Ichiro Sushi, Inc. had ever violate his rights under the FLSA and the NYLL. (Defendant Rule 56.1 Statement, ¶¶ 42-43; Ex. E, Y. Wang Decl., at ¶¶ 3-4.).

Plaintiff further alleges that Juhang Wang, the sole owner of the defendant New Ichiro Sushi, Inc. has constructive notice because "Juhang Wang presumably had numerous communications with the owner of the predecessor corporation prior to the sale, because he began to prepare for the sale more than a year before it occurred. An inquiry by the defendant's sole shareholder to the predecessor owner, or predecessor owner's attorney or accountant, would have yielded information about the claim." Again, the Plaintiff's allegations are purely speculation and not supported by the Plaintiff's Rule 56.1 Statement of Undisputed Facts and any documents submitted by Plaintiff to support his motion. *Assuming arguendo* that Juhang Wang did have many communications with the Ichiro Sushi, Inc.'s owner, Plaintiff has not laid out any foundation why the Ichiro Sushi, Inc.'s owner would have any incentive to disclose such

damaging information to Juhang Wang to jeopardize the Ichiro Sushi, Inc.'s dumping of its business-losing restaurant to New Ichiro Sushi, Inc. Likewise, Plaintiff has not laid out any foundation why the Ichiro Sushi, Inc.'s owner would have any incentive to allow Juhang Wang to speak to his attorney or accountant to discover such damaging information to Juhang Wang to jeopardize the Ichiro Sushi, Inc.'s dumping of its business-losing restaurant to New Ichiro Sushi, Inc. Hence, All that Plaintiff's allegations are speculation not supported by any undisputed facts.

It will be fundamentally unfair to find Plaintiff satisfied notice requirement in the instant case. In *Bautista v. Beyond Thai Kitchen, Inc.,* No. 14 Civ. 4335, 2015 U.S. Dist. LEXIS 124454, at *5-6, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015), the predecessor of the defendant Beyond Thai Kitchen, Inc. was sued and reached settlement with plaintiffs in that case; but backed off the settlement agreement after the sale of the restaurant. There was legitimate public policy concern to hold the defendant Beyond Thai Kitchen, Inc. had constructive notice in order to impose the successor liability upon the defendant Beyond Thai Kitchen, Inc. Here, the defendant New Ichiro Sushi, Inc. is an unwitting purchaser of Ichiro Sushi, Inc. The public policy will not go so far to impose successor liability upon an unwitting purchaser; otherwise, it will be fundamentally unfair. *See Steinbach v. Hubbard,* 51 F.3d 843, 847 (2d Cir. 1995) ("The principal reason for the notice requirement is to ensure fairness by guaranteeing that a successor had an opportunity to protect against liability by negotiating a lower price or indemnity clause.") (citing *Golden State Bottling, Inc. v. NLRB,* 414 U.S. 168, 185, 94 S. Ct. 414, 38 L. Ed. 2d 388 (1973)); *Marte, supra,* 2017 U.S. Dist. LEXIS 7721, at *28-29.

Therefore, Plaintiff has failed to carry out his burden of proof to satisfy the first factor, "notice of the charge" requirement.

11

2. Plaintiff has failed to carry out his burden of proof to satisfy the second factor, "<u>the ability of the predecessor to provide relief</u>".

It is undisputed that Plaintiff failed to prosecute his claim against Ichiro Sushi, Inc. (*See* Defendant's Rule 56.1 Statement, at ¶¶ 45, 47, 48; Dkt. 34.) It is undisputed that Plaintiff decided voluntarily not to sue Ichiro Sushi, Inc., which is the one that Plaintiff alleged that it violated his rights under the FLSA and NYLL. (Dkt. 34; Ex. H, Hidalgo Decl.) It is undisputed that Ichiro Sushi, Inc. received $50,000.00 on September 17, 2014. (Ex. B, Contract of Sale; Ex. C, Bill of Sale; Defendant's Rule 56.1 Statement, at ¶ 46.)

The instant case is distinguishable from *Bautista v. Beyond Thai Kitchen, Inc.,* No. 14 Civ. 4335, 2015 U.S. Dist. LEXIS 124454, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015) is that the liability of the predecessor of the defendant *Beyond Thai Kitchen, Inc.* to the plaintiffs there were established by the litigation while in the instant case, there is not any liability established by the litigation against the predecessor of the defendant New Ichiro Sushi, Inc. Actually, besides the Plaintiff chose voluntarily not to sue Ichiro Sushi, Inc. in the instant case, the Plaintiff's case-in-chief against Hui Chen, the owner of the Ichiro Sushi, Inc., and Hui Ying Guo were dismissed by the Court. (Dkt. 58.)

Therefore, Plaintiff has failed to carry out his burden of proof to show whether Ichiro Sushi, Inc., the predecessor of New Ichiro Sushi, Inc., has the ability to provide relief.

3. Plaintiff has failed to carry out his burden of proof to satisfy the third factor, "<u>a substantial continuity of business operation</u>".

It is undisputed by both Plaintiff and defendant New Ichiro Sushi, Inc. that the business of Ichiro Sushi, Inc. was very slow. (Plaintiff's Rule 56.1 Statement, at ¶ 8; Defendant's Rule 56.1 Statement, at ¶ 54.) Before New Ichiro Sushi, Inc. purchased the assets and lease from Ichiro Sushi, Inc. on September 17, 2014, Ichiro Sushi, Inc. had almost no business left caused by the construction of the Second Avenue Subway. (J. Wang Decl. at ¶¶ 16, 17 and 20.)

Accordingly, New Ichiro Sushi, Inc. started up with its own business with its special sushi food style, "omakase" style. (J. Wang Decl. at ¶ 27.)

Therefore, Plaintiff has failed to carry out his burden of proof for a substantial continuity of business operation.

4. Plaintiff has failed to carry out his burden of proof to satisfy the fourth factor, "<u>using the same plant</u>".

Contrary to the Plaintiff's claim that New Ichiro Sushi, Inc. used the same plant as that of Ichiro Sushi, Inc., New Ichiro Sushi, Inc. conducted substantial renovation of the restaurant located at the same address. (J. Wang Decl. at ¶ 25; Defendant's Rule 56.1 Statement, at ¶¶ 62, 63, 64, 65, and 66.) Right after the closing on September 17, 2014, the layout of the entire dining room has been different with new dining tables, new ceramic floor tiles, repainted entire ceilings, replaced vents of air condition and heat, wooden station and bamboo division were removed, and two newly installed booths. (*Id.*). The entire sushi bar has been remodeled with replaced sushi bar ceramic tile countertop, entire new sushi bar's lamps, new sushi serving glass top in the sushi bar. (*Id.*). The kitchen has been reconfigured with new kitchen range, new installed, new larger deep fry oil boiler, new special sushi rice cooker, new chopping block for fishes in the kitchen, three (3) new brand new sub-zero freezers and two (2) new freshness refrigerators. (*Id.*). Accordingly, New Ichiro Sushi, Inc. does not use the same plant as the one used by Ichiro Sushi, Inc.

Therefore, Plaintiff has failed to carry out his burden of proof for using a same plaint.

5. Plaintiff has failed to carry out his burden of proof to satisfy the fifth factor, "<u>using the same or substantially the same work force</u>".

Contrary to the Plaintiff's claim that, "The wife of the owner of the predecessor restaurant continued to work for the restaurant after the sale", Hui Ying Guo, the wife of the owner of Ichiro Sushi, Inc. is not the employee of New Ichiro Sushi, Inc. (J. Wang Decl. at

¶¶ 38-39; Ex. E, Y. Wang Decl. at ¶¶ 19-20; Ex. F, Guo Decl. at ¶ 5; Defendant's Rule 56.1 Statement, at ¶¶ 74-75.)

After the closing of the transfer of ownership, New Ichiro Sushi, Inc. undertook new hiring process. (J. Wang Decl. at ¶ 30; Defendant's Rule 56.1 Statement, at ¶ 71.) During to the new hiring process, not every employees of Ichiro Sushi, Inc. continued to work for New Ichiro Sushi, Inc. (J. Wang Decl. at ¶ 31; Defendant's Rule 56.1 Statement, at ¶ 72.) Yuyi Wang is Juhang Wang's elder brother so that he should not be counted into the workforce in analysis. (J. Wang Decl. at ¶ 36.) Yuyi Wang was not a manager in Ichiro Sushi, Inc. (*Id.*). Yuyi Wang was also not a manager in New Ichiro Sushi. (*Id.*).

Therefore, Plaintiff has failed to carry out his burden of proof for using the same or substantially the same workforce.

> 6. Plaintiff has failed to carry out his burden of proof to satisfy the sixth factor, "<u>using the same or substantially the same supervisory personnel</u>".

Contrary to the Plaintiff's claim that, "His brother, too, was employed before and after the sale and is identified as a manager on New York City Health Department inspection reports", the Juhang Wang's brother was not the manager before the sale occurred on September 17, 2017. (J. Wang Decl. at ¶ 36; Ex. E, Y. Wang Decl. at ¶¶ 8-11.) Yuyi Wang was also not a manager in New Ichiro Sushi. (J. Wang Decl. at ¶ 36; Ex. E, Y. Wang Decl. at ¶¶ 8-11.).

Hui Ying Guo, the wife of the owner of Ichiro Sushi, Inc. is not the employee of New Ichiro Sushi, Inc. (J. Wang Decl. at ¶¶ 38-39; Ex. E, Y, Wang Decl. at ¶¶ 19-20; Ex. F, Guo Decl. at ¶ 5; Defendant's Rule 56.1 Statement, at ¶¶ 74-75.)

Juhang Wang was only a sushi chef in Ichiro Sushi, Inc. and became the owner of New Ichiro Sushi, Inc. so that he was not supervisory personnel in the predecessor's restaurant.

14

Therefore, Plaintiff has failed to carry out his burden of proof for using the same or substantially the same supervisory personnel.

7.  Plaintiff has failed to carry out his burden of proof to satisfy the seventh factor, "the same job exists under substantially the same working conditions".

Contrary to the Plaintiff's claim focusing on the same job titles, the working conditions under New Ichiro Sushi, Inc. might be different from the one under Ichiro Sushi, Inc. *Assuming arguendo* Plaintiff told the truth that Ichiro Sushi, Inc. violated his rights under the FLSA and NYLL, New Ichiro Sushi, Inc., however, has complied with labor laws. (J. Wang Decl. at ¶¶ 28-31; Defendant's Rule 56.1 Statement, at ¶¶ 28, 71-72.)  *Assuming arguendo* Plaintiff did not tell the truth so that Ichiro Sushi, Inc. did not violate his rights under the FLSA and NYLL, both Ichiro Sushi, Inc. and New Ichiro Sushi, Inc. have complied with labor laws.  If so, Plaintiff would have no claim.  Anyway, the working conditions under New Ichiro Sushi, Inc. are at least different from that ones under Ichiro Sushi, Inc.

Therefore, Plaintiff has failed to carry out his burden of proof for the defendant New Ichiro Sushi, Inc. of offering the same job under substantially the same working conditions.

8.  Plaintiff has failed to carry out his burden of proof to satisfy the eighth factor, "using the same machinery, equipment and methods of production".

Contrary to the Plaintiff's claim that, "Stove, refrigerators, freezers, sushi bar, fryers, etc. all unchanged", right after the closing on September 17, 2014, the entire sushi bar has been remodeled with replaced sushi bar ceramic tile countertop, entire new sushi bar's lamps, new sushi serving glass top in the sushi bar. (J. Wang Decl. at ¶ 25; Defendant's Rule 56.1 Statement, at ¶¶ 62, 63, 64, 65, and 66.)  The kitchen has been reconfigured with a new kitchen range, a new oven, a new larger deep fry oil boiler, a new special sushi rice cooker, new chopping blocks for fishes in the kitchen, three (3) new brand new sub-zero freezers and two (2) new freshness

refrigerators.  (*Id.*).  Accordingly, New Ichiro Sushi, Inc. does not use the same machinery, equipment and methods of production as the ones used by Ichiro Sushi, Inc.

Therefore, Plaintiff has failed to carry out his burden of proof for the defendant New Ichiro Sushi, Inc. of using the same machinery, equipment and methods of production.

9. Plaintiff has failed to carry out his burden of proof to satisfy the ninth factor, "producing the same product".

Contrary to the Plaintiff's claim that Ichiro Sushi, Inc. and New Ichiro Sushi, Inc. offer the same "Japanese cuisine and sushi", the food offered by New Ichiro Sushi, Inc. are different from that offered by Ichiro Sushi, Inc. before.  (J. Wang Decl. at ¶ 27; Ex. E, Y. Wang Decl. at ¶¶ 21-22; Defendant's Rule 56.1 Statement, at ¶ 69.)  The menu used by New Ichiro Sushi, Inc. is different from the menu used by Ichiro Sushi, Inc.  (Defendant's Rule 56.1 Statement, at ¶ 68.)  Furthermore, New Ichiro Sushi, Inc. offers "omakase" style of Japanese cuisine that is different from the style of Japanese cuisine offered by Ichiro Sushi, Inc.  (J. Wang Decl. at ¶ 27.)

Therefore, Plaintiff has failed to carry out his burden to prove that the defendant New Ichiro Sushi, Inc. is producing the same product.

Accordingly, Plaintiff fails to allege successor liability under the first two most critical tests of "Notice of the charger" and "the ability of the predecessor to provide relief".  Plaintiff also fails to allege successor liability under all nine tests.  Therefore, Plaintiff's case shall fail.

**III.  THE COURT SHALL DISMISS THE PLAINTIFF'S COMPLAINT AGAINST NEW ICHIRO SUSHI, INC. IN ITS ENTIRETY AS NEW ICHIRO SUSHI, INC. IS NOT LIABLE TO THE PLAINTIFF'S CLAIM.**

Plaintiff Roberto Hidalgo's complaint against New Ichiro Sushi, Inc. shall fail in this case since Plaintiff has misplaced law and facts and violated the principal of fundament fairness.

Plaintiff Roberto Hidalgo will not succeed in his theory of successor liability against the New Ichiro Sushi, Inc. since he has misplaced law and facts.

16

It is undisputed that Plaintiff Roberto Hidalgo worked part time and was paid at least $450.00 per week up to $550.00 per week in Ichiro Sushi, Inc. (Defendant's Rule 56.1 Statement, at ¶¶ 49-50, 52; Ex. H, Hidalgo Decl. at ¶ 4 and supporting letters to the declaration.) Hence, his rights afforded to him under the FLSA and NYLL were not violated at all.

It is undisputed that Plaintiff Roberto Hidalgo quitted his job prior to September 17, 2014 and has never worked for New Ichiro Sushi, Inc. (Defendant's Rule 56.1 Statement, at ¶ 51.) Therefore, the Plaintiff Roberto Hidalgo's Complaint against New Ichiro Sushi, Inc. shall be dismissed from its entirety.

## CONCLUSION

For the reason set forth above, Defendant New Ichiro Sushi, Inc. respectfully requests that the Court (i) deny the Plaintiff's motion for partial summary judgment on the issue of successor liability against New Ichiro Sushi, Inc.; (ii) grant the Defendant New Ichiro Sushi, Inc.'s motion to dismiss the Plaintiff Robert Hidalgo's Complaint against New Ichiro Sushi, Inc. in its entirety; and (iii) grant any and for further relief as to this Court deems just and proper.

Dated: Flushing, New York
March 21, 2017

                                          Respectfully submitted,

                                    **LAW OFFICES OF DAVID YAN**

                    By:   /David Yan/
                          David Yan (DY2343)
                          Law Offices of David Yan
                          136-20 38th Avenue, Suite 11E
                          Flushing, New York 11354
                          Tel: (718) 888-7788

                          *Attorney for Defendant New Ichiro Sushi, Inc.*