UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 7 2018
```

Robert Hidalgo,

Plaintiff,

–v–

New Ichiro Sushi, Inc.,

Defendant.

15-cv-00414 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On November 10, 2017, Defendant New Ichiro Sushi, Inc. ("New Ichiro") filed a motion for summary judgment to dismiss the complaint in this case.[1]  Dkt. Nos. 119-120.  On November 16, 2017, Plaintiff filed an opposition to Defendant's motion.  Dkt. No. 125.  And on November 24, 2017, Defendant submitted its reply to the opposition motion.  Dkt. No. 186.  For the following reasons, Defendant's motion is denied.

**I. Background**

The Court assumes familiarity with the facts of this case, which are detailed in an earlier Memorandum & Order denying Plaintiff's motion for partial summary judgment on the issue of successor liability.[2]  *See* Dkt. No. 116 at 9-17.  Briefly, Plaintiff Robert Hidalgo was employed at Ichiro Sushi, Inc. ("Ichiro").  *See* Dkt. No. 90 at ¶ 3.  Plaintiff swore in his affidavit that he was not paid requisite minimum wage and overtime wages in violation of the Fair Labor and Standards Act ("FLSA") and New York Labor Law ("NYLL").  *Id* at ¶ 4.  Ichiro was sold to

---

[1] Defendant filed a notice of a motion to dismiss. *See* Dkt. No. 119. However, Defendant's memorandum of law in support of its motion is titled a "Cross Motion for Summary Judgment to Dismiss the Complaint." *See* Dkt. No. 120. Given that Defendant has submitted exhibits, and its own statement of material facts, Dkt. No. 121, pursuant to Local Civil Rule 56.1 ("Statements of Material Facts on Motion for Summary Judgment"), the Court will treat Defendant's motion as a motion for summary judgment.

[2] The facts in the earlier Memorandum & Order were taken from the parties' Rule 56.1 statements, and the evidence each party submitted with its respective motion. *See* Dkt. No. 116 at 9.

Juhang Wang, who had been a sushi chef at Ichiro.  *See* Dkt. No 116 at 10-11.  Wang reopened the restaurant as New Ichiro.  *See id.*  Plaintiff seeks to retain his lost wages from New Ichiro, under a theory of successor liability.

Defendant's initial cross-motion for summary judgment was stricken, because it was not timely filed, and Defendant has a history of late filings in this case.  *See id* at 1-8.  However, at a pretrial conference on November 3, 2017, the Court determined that for purposes of judicial economy, and to understand the scope of a potential trial, it would reconsider Defendant's motion.  *See* Tr. of November 3, 2017 Pretrial Conf. at 9-10.  Plaintiff consented to this request. *Id.* at 9.  Defendant was given an opportunity to revise its cross-motion and resubmit it.  *Id.* at 11-12.  On November 10, 2017, Defendant filed its revised motion.  Dkt. No. 120.  Plaintiff, in his opposition brief, also incorporated by reference his initial arguments and accompanying materials opposing Defendant's first motion.  *See* Dkt. No. 125 at 1.

## II. Standard for Summary Judgment

Summary judgment is appropriate when, after reviewing the parties' submissions in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought."  *Gallo v. Prudential Residential Servs. Ltd.*, 22 F .3d 1219, 1223 (2d Cir. 1994).

In resolving cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."  *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) (citing *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981)).

### III. Standard for Successor Liability

The Court has already determined that it will apply the substantial continuity test to analyze successor liability in this case. *See* Dkt. No. 116 at 19. Under the substantial continuity test, courts look to three factors to determine whether there is successor liability: "(1) whether the new business has sufficient continuity in operations and work force of the previous business to qualify as its successor; (2), whether there was notice to the successor-employer of its predecessor's legal obligation; and (3), whether the predecessor is able to provide adequate relief directly, such that it would be unfair to place that obligation on the successor." *Id.* at 22. The degree of continuity is often turned into seven sub-factors, for a total of nine factors. *See Bautista v. Beyond Thai Kitchen, Inc.*, 2015 WL 5459737, at *5 (S.D.N.Y. Sept. 17, 2015) (listing the nine factors as: "(1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product."). Notice can mean actual notice or constructive notice. *See* Dkt. No. 116 at 23-28. Constructive notice is demonstrated by "the existence of certain 'red flags' – such as a suspiciously good deal or other relevant facts – that would have put a reasonable buyer on notice that it should have conducted further inquiries." *Id.* at 24.

The party advocating for successor liability bears the burden of proof. *Bautista*, 2015 WL5459737, at *5. However, the movant still has "the burden of showing that there is no genuine issue of fact." *Anderson*, 477 U.S. at 256.

### IV. Defendant's Motion

Defendant argues that summary judgment on Plaintiff's FLSA and NYLL claims is appropriate because Plaintiff did not prove successor liability on summary judgment, and

therefore, New Ichiro cannot be liable for any claims against Ichiro. *See* Dkt. No. 120. Further, Defendant argues that it is undisputed that Plaintiff did not work for New Ichiro, and therefore, the FLSA and NYLL claims, which relate to employment at Ichiro, must be dismissed. *Id.*

At this stage, Defendant is incorrect that Plaintiff's successor liability theory has failed. Rather, the Court determined that "*a reasonable jury could* conclude that the Defendant had neither actual nor constructive notice of the Plaintiff's alleged FLSA violations at Ichiro." Dkt. No. 116 at 23 (emphasis added). The Court explained that "substantial questions of material fact predominate over, *at minimum*, two central factors: the notice and continuity inquiries." *Id.* at 23. The Court stated that based on the record, the parties "dispute[d] numerous questions of fact." *Id.* at 9. Therefore, the Court denied Plaintiff's partial summary judgment motion that as a matter of law, successor liability applied. *See id.* at 28. This meant that after Plaintiff's motion was denied, the issue of successor liability could be decided by a trier of fact, or, Defendant had the burden of showing that as a matter of law, successor liability should not apply. Defendant, in its brief, does not sufficiently explain why, based on the record, summary judgment should be granted in its favor.

First, Defendant does not explain why there are no questions of material fact on the notice requirement. When addressing constructive notice, Defendant argues that the Court already "found that 'no red flags existed that would suggest to Wang [the owner of New Ichiro] and [sic] should further investigate.'" Dkt. No. 120 at 11. This is incorrect. The Court explained in its earlier Memorandum & Opinion that when analyzing the constructive notice factor, "*a reasonable jury could* find that no flags existed that would suggest to Wang that he should further investigate." Dkt. No. 116 at 26 (emphasis added). A reasonable jury could also find the opposite. Defendant quotes various points from the earlier Memorandum & Order to bolster its argument—but all of the quotes contain the phrase "a reasonable jury could find." *See, e.g.,* Dkt. No. 120 at 11 ("A reasonable jury could find that Wang had worked at the restaurant for over a year at the time of purchase, and that both he and his brother, in that time, had been adequately compensated") (quoting Dkt. No. 116). This is not enough to show that, as

a matter of law, Defendant had no constructive notice of Ichiro's potential labor violations.  *See* Anderson, 477 U.S. at 248 ("summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  Defendant's argument suggests that questions of material fact remain that must be assessed at trial.

The Court's finding on the notice requirement is sufficient to deny summary judgment on successor liability.  *See Xue Ming Wang v. Abumi Sushi Inc.,* 262 F. Supp. 3d 81, 95 (S.D.N.Y. 2017) (explaining that the notice requirement can be dispositive on the issue of successor liability).  Nevertheless, the Court will briefly address the continuity inquiry as well.  Defendant, when analyzing continuity of operations (*Bautista* factors three through nine), points only to various *factual* points to explain why it is entitled to summary judgment on its claim.  Dkt. No. 120 at 12-16.  Defendant makes no comparisons to other cases to explain why successor liability should not apply as a matter of law.  *See id.*  In fact, Defendant cites to no case law in this section of its brief.  *See id.*  The Court explained in its earlier Memorandum & Order that "numerous questions of material fact exist as to the precise degree of continuity between Ichiro and New Ichiro."  Dkt. No. 116 at 28.  Defendant does not address why these facts are immaterial, such that summary judgment should be granted in its favor.  *See Anderson*, 477 U.S at 248 ("the substantive law will identify which facts are material.").

Additionally, Defendant has previously represented to the Court that the issue of successor liability is not ripe for adjudication at summary judgment.  *See* Dkt. No. 85 ("With respect to the Plaintiff's request to move for a summary judgment on the issue of successors' liability, Defendant requests this Court to deny the request since the summary judgment is premature and hinged on the credibility determination of the parties where the Court is not in a position to decide the credibility issue in a motion for summary judgment."); Dkt. No. 102 ("there is genuine issue [sic] to be tried with respect to the material facts in support of the Plaintiff's motion for partial summary judgment on the issue of successor liability imposed upon defendant New Ichiro Sushi, Inc.").  These representations were made after discovery was

5

completed—the same stage of litigation that the case is in now.  *See* Dkt. No. 73.  Defendant does not explain why its position has changed.  Even in the immediate motion, Defendant writes that "a reasonable trier of fact could find that the defendant New Ichiro Sushi, Inc. had neither actual nor constructive notice of any FLSA violations at its predecessor prior to the sale."  Dkt. No. 120 at 11.  By suggesting that there are still issues for a trier of fact to decide, Defendant has not met its burden at summary judgment.

### IV. Conclusion

Accordingly, Defendant's motion is DENIED.  This resolves Dkts. No. 119 and 129.[3] Within fourteen days of the issuance of this Order, the parties are directed to file a joint status letter and to propose dates for a status conference.  The parties should consult the Plaintiffs in the related case, *Li v. Ichiro Sushi, Inc.*, No. 14-CV-10242, regarding proposed dates, as Plaintiffs in that case will also participate in the status conference.  Counsel in this case are also ordered to meet and confer regarding settlement within fourteen days of this Order.


SO ORDERED.

Dated: September 7, 2018
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[3] Defendant resubmitted its motion, with the Court's permission, to correct a citation.  Dkt. No. 129.